UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILEY T. CLARDY, )<br>)<br>Defendant. ) | Cause No. 1:99-cr-0062-SEB-TAB-02 |

## REPORT AND RECOMMENDATION

On December 18, 2014, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on December 8, 2014. Defendant Clardy appeared in person with his appointed counsel, William Dazey. The government appeared by Matthew Lasher, Assistant United States Attorney. U.S. Parole and Probation appeared by Officer Jason Phillips.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Clardy of his rights and provided him with a copy of the petition. Defendant Clardy waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Clardy admitted the violations. [Docket No. 14.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or controlled substance or any paraphernalia related to such substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

As previously reported to the Court, on January 18, May 1, 2013, July 23, and August 6, 2014, the offender submitted urine samples which tested positive for marijuana. He admitted use of the prohibited controlled substance.

4  **"The defendant shall participate in a program of testing and/or treatment for substance abuse as directed by the probation officer."**

As previously reported to the Court, the offender failed to report for random urine testing on January 5, 16, April 27, May 13, 18, 2013, January 8, 11, February 5, April 5, and May 12, 2014.

5  **"The defendant shall reside for a period of 4 months at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."**

On November 28, 2014, Mr. Clardy returned to the RRC and registered .018% BAC on an alcohol test. He admitted drinking alcohol at his employment.

On December 4, 2014, the offender left the RRC and did not report to his employer. Instead, he went to his apartment and moved his belongings to a new residence. He did not have permission to do so, nor did he notify the RRC of his whereabouts.

As previously reported to the Court, on September 14, 2014, Mr. Clardy was approved for a work pass until 6:30 p.m. At 7:35 p.m., his employer was contacted and said he had left 10 minutes prior. He did not return to the RRC until 8:25 p.m. Upon returning, he stated he had to make a bank deposit. According to RRC staff, he failed to communicate anything to staff about returning late or making a bank deposit.

On September 20, 2014, the offender left the RRC at 11:40 a.m. with permission to go to work. He did not return until September 21, 2014, at 7:29 p.m. When he returned, he informed RRC staff his newborn child was ill and he accompanied his wife to a medical facility for treatment. He said the doctor did not charge any fee and that the child was determined to be okay. This officer informed the offender that there should be some record of the visit and instructed him to provide documentation from the medical facility to prove his whereabouts. He has failed to provide any verification to this officer.

On October 12, 2014, Mr. Clardy was approved for a work pass until 8:30 p.m. After his most recent violation, staff had a meeting with him to inform he could extend his work time, if the employer was short staffed and he had his supervisor call the RRC for approval. At 7:15 p.m., the offender called to extend his time. He did not have his supervisor call, and when staff attempted to call him back, he did not answer. A job check was attempted, and his employer could not verify his whereabouts. He reported back to the RRC at 12:15 a.m.

On October 23, 2014, at 2:40 pm., this officer tried to locate the offender at his place of employment. An employee stated they thought he was at his grandmother's residence completing paperwork. A phone call was made to Mr. Clardy, which confirmed he was at his grandmother's house. This officer drove to that location where we discussed his noncompliance. He stated he just finished his paperwork and would return to the employer within 30 minutes. At 7:30 pm., this officer again attempted to contact the offender at his place of employment. The same employee the probation officer spoke with earlier in the day stated the offender returned, then left again. A call was made to Mr. Clardy with no response. He returned to the RRC at 9:00 p.m.

6   **"If this judgment imposes a fine or restitution, it is a condition of probation/supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment."**

Mr. Clardy is required to pay a minimum of $50.00 per month towards his financial obligation. As of the filing of this violation, he should have paid $1,250.00. He has only paid $775.00, and his last payment was on July 24, 2014.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is I.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 3 to 9 months' imprisonment.

5. The Government recommended a sentence of six (6) months. Defendant asked to remain at the Volunteers of America, where he was currently residing pursuant to a prior agreement to modify Defendant's conditions of supervised release. [Docket No. 9.]

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be **REVOKED**, and that he should be sentenced to the custody of the Attorney General or his designee for a period of six (6) months followed by three (3) years of supervised release. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: 12/29/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal