UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:99-cr-0062-SEB-TAB-2 |
| | ) | |
| KILEY CLARDY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On December 10, 2015, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on November 23, 2015.  Defendant Clardy appeared in person with his retained counsel, James Voyles and Jeff Baldwin.  The government appeared by Cynthia Ridgeway, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Mark McCleese.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Clardy of his rights and ensured he had a copy of the petition.  Defendant Clardy waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Clardy admitted violations 2, 3, and 4, [Docket No. 26.].

3. The parties orally moved to hold violation 1 in abeyance pending resolution of the pending state case under cause no. 49G12-1511-CM-040279, Marion County, Indiana and the Court granted the same.

4. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On September 29, and October 14, 2015, Mr. Clardy tested positive for marijuana. On October 6, October 23 and November 19, 2015, the offender tested negative for illegal substances. On October 6, 2015, he was confronted by the probation officer and admonished. After again testing positive for marijuana subsequent to the negative urinalysis, he was confronted again on October 23, 2015. After initially denying, Mr. Clardy admitted to consuming marijuana after October 6, 2015.

| | |
|---|---|
| 3 | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment in accordance with his/her ability to pay."** |

The offender failed to report for random urine testing on October 17, October 21, October 22, and October 28, 2015. Additionally, the treatment provider communicated Mr. Clardy appeared "irritated" during group treatment on October 19, 2015, sighing and repeatedly looking at his watch. Previously, the treatment provider reported on August 18, 2015, Mr. Clardy arrived late, commented he did not want to be there and had minimal participation.

| | |
|---|---|
| 4 | **"If this judgment imposes a fine or restitution, it is a condition of probation/supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment."** |

Though repeatedly reminded of his financial obligation, Mr. Clardy has failed to make a restitution payment since returning to supervised release. The unpaid restitution balance is $40,709.79.

5. The parties stipulated that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is I.

2

      (c)      The range of imprisonment applicable upon revocation of supervised release, therefore, is 3 to 9 months' imprisonment.

6.      The parties jointly recommended a modification to Defendant Clardy's current conditions of supervised release to include the following:

      (a)      The defendant shall participate in a cognitive behavioral program, such as Moral Reconation Therapy (MRT), at the direction of the probation officer and abide by the rules of the program.

      (b)      The defendant shall not consume alcohol during the remaining period of his supervised release.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds the Defendant guilty of Violation Nos. 2, 3, and 4 in the petition, and orders that the conditions of Kiley Clardy's supervised release should be **MODIFIED** as follows:

1. The defendant shall participate in a cognitive behavioral program, such as Moral Reconation Therapy (MRT), at the direction of the probation officer and abide by the rules of the program.

2. The defendant shall not consume alcohol during the remaining period of his supervised release.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: 23 DEC 2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal